

ORDERED in the Southern District of Florida on September 24, 2025.

Robert A. Mark, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                              Case No. 25-13842-RAM

ALEXANDER SCHACHL,                                  Chapter 13

    Debtor.
_____/

### ORDER DENYING DEBTOR'S MOTION TO DISBURSE, GRANTING IN PART MYRNABEL ROCHE'S MOTION TO INTERVENE, AND DENYING DEBTOR'S MOTION FOR CONTEMPT

What happens to the surplus funds remaining after a foreclosure sale by a junior mortgagee when the successful bidder bids and pays well in excess of the junior mortgagee's judgment, unaware that there is a senior mortgage lien on the property? Unfortunately, as this Order will explain, the negligent bidder holds the property subject to the senior lien and has no right to the surplus funds.

<u>Procedural History and Undisputed Facts</u>

The Court conducted a hearing on September 15, 2025 on the following matters:

1

1. The Motion to Determine Surplus Funds Held by Broward Clerk of Courts are Property of the Chapter 13 Estate [DE# 39] (the "Motion to Disburse") filed by Alexander Schachl (the "Debtor");

2. The Motion to Intervene as Legal Owner of the Surplus Funds Held by the Broward County Clerk of Court in Case No. CACE21001418 and Incorporated Response/Objection to Debtor Alexander Schachl's Motion to Determine Surplus Funds are Property of the Chapter 13 Estate [DE# 43] (the "Motion to Intervene") filed by Myrnabel Roche ("Ms. Roche"); and

3. The Debtor's Emergency Motion for Contempt Against Interested Party/Intervenor Myrnabel Roche a/k/a Myrnabelle Roche [DE# 55] (the "Motion for Contempt").

The Court has reviewed the record, including the Debtor's response [DE# 52] to the Motion to Intervene; the response [DE# 53] to the Motion to Intervene filed by U.S. Bank National Association, as trustee for J.P. Morgan Mortgage Trust 2007-S1 ("U.S. Bank"); Ms. Roche's reply [DE# 58] in support of the Motion to Intervene; and Ms. Roche's response [DE# 59] to the Motion for Contempt. The Court also considered the arguments of counsel for the Debtor, counsel for U.S. Bank, and Ms. Roche[1] presented at the September 15th hearing and reviewed the applicable case law and statutes.

As stated on the record at the September 15th hearing and supplemented here, the Court finds as follows:

Ms. Roche and her ex-husband, Frank V. Reilly, Jr. ("Mr. Reilly") are the former owners of real property located at 5861 NE 14th Terrace, Fort Lauderdale, Florida 33334 (the "Property"). Ms. Roche and Mr. Reilly's interests were foreclosed in a mortgage foreclosure action brought on January 21, 2021 by the holder of a second mortgage on the Property, Ashland Capital Fund 2, LLC ("Ashland Capital"), in Case No. CACE-21-001418 pending in the Circuit Court for the Seventeenth Judicial Circuit, Broward County, Florida

---

[1] While Ms. Roche represents herself *pro se* in this case, the Court notes that Ms. Roche is a licensed Florida attorney.

2

(the "Second Mortgagee's Foreclosure Case").  On or about January 22, 2021, Ashland Capital filed its lis pendens against the Property.  It is undisputed that, as of the filing of the lis pendens, the Debtor was not the owner of the Property.  A Final Judgment of Mortgage Foreclosure was entered on August 30, 2023 in favor of Ashland Capital in the amount of $101,178.73 plus interest.

The Debtor was the successful bidder at the Second Mortgagee's Foreclosure Case with a bid of $721,100.00.  The sale occurred on or about May 30, 2024 and, after disbursement of $113,540.96 to Ashland Capital and payment of fees and costs, the Clerk of the Broward Circuit Court retained $607,531.10.  These funds are the "Surplus Funds" at issue in this chapter 13 case.

The docket in the Second Mortgagee's Foreclosure Case reflects that there is a hearing scheduled for October 9, 2025 at 9:15 a.m. on Owner of Record Defendant, Frank Reilly's Motion for Surplus Funds, dated July 25, 2025; and (b) Defendant Myrnabel Roche a/k/a Myrnabelle Roche's Motion for Surplus Funds, dated August 19, 2025.

When the Debtor acquired title to the Property in the Second Mortgagee's Foreclosure Case, the Property was still encumbered by a first mortgage in favor of U.S. Bank.  On April 5, 2022, U.S. Bank filed a foreclosure action against the Property in Case No. CACE-22-005000 then pending in the Circuit Court for the Seventeenth Judicial Circuit, Broward County, Florida (the "U.S. Bank Foreclosure Case").  On November 19, 2024, U.S. Bank obtained a Final Judgment of Foreclosure in the amount of $760,429.00.  On March 10, 2025, U.S. Bank obtained an Amended Final Judgment of Foreclosure in the amount of $828,008.00, which scheduled a foreclosure sale of the Property for April 10, 2025.  The Debtor then filed this chapter 13 case on April 9, 2025 to stop U.S. Bank's foreclosure sale.

3

In the Motion to Disburse, the Debtor asserts that he should receive the Surplus Funds and that the Surplus Funds should be disbursed to his creditors, including U.S. Bank, in this chapter 13 case. The Debtor admits that, at the time he purchased the Property at the foreclosure sale in the Second Mortgagee's Foreclosure Case, he had failed to conduct a title search, was unaware of the first mortgage held by U.S. Bank against the Property, and believed that he was purchasing the Property free and clear of all encumbrances. In her Motion to Intervene, Ms. Roche argues that the Surplus Funds should be returned to her as the prior owner of the Property. In its response, U.S. Bank did not assert a right to the Surplus Funds but instead stated that "it has no opposition to the Court entering an Order granting the Motion [to Disburse] to provide the Debtor with the relief sought therein."

## Discussion

To determine whether the Surplus Funds are property of the Debtor's bankruptcy estate under 11 U.S.C. § 541(a), and therefore subject to the automatic stay under 11 U.S.C. § 362(a), the Court must look to state law. *Butner v. United States*, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding."); *Charles R. Hall Motors v. Lewis (In re Lewis)*, 137 F.3d 1280, 1283 (11th Cir. 1998) ("[W]hether a debtor's interest constitutes property of the estate is a federal question," but "the nature and existence of the debtor's right to property is determined by looking at state law.") (internal quotations and citations omitted). So, to determine whether the Debtor has an interest in the Surplus Funds, this Court must look to applicable Florida statutes and case law. Further, "[i]n matters of state law, federal courts are bound by the rulings of the state's highest court. If the state's highest court has not ruled on the issue, a federal court

must look to the intermediate state appellate courts." *Veale v. Citibank*, F.S.B., 85 F.3d 577, 580 (11th Cir. 1996) (citing U.S. Supreme Court cases in support).

The applicable statutory provisions are found in Florida Statutes §§ 45.032 and 45.033. Florida Statute § 45.032(2) provides as follows:

> There is established a rebuttable legal presumption that the owner of record on the date of the filing of a lis pendens is the person entitled to surplus funds after payment of subordinate lienholders who have timely filed a claim. A person claiming a legal right to the surplus as an assignee of the rights of the owner of record must prove to the court that such person is entitled to the funds. At any hearing regarding such entitlement, the court shall consider the factors set forth in s. 45.033 in determining whether an assignment is sufficient to overcome the presumption. It is the intent of the Legislature to abrogate the common law rule that surplus proceeds in a foreclosure case are the property of the owner of the property on the date of the foreclosure sale.

Fla. Stat. § 45.032(2); *see also* Fla. Stat. § 45.033(1). Florida Statute § 45.032(1)(a) defines the "owner of record" as "the person or persons who appears to be the owners of the property that is the subject of the foreclosure proceeding on the date of the filing of the lis pendens." And Florida Statute § 45.033(2) makes clear that the rebuttable presumption may be rebutted only by proof of a valid transfer or assignment.

In applying the statute to the undisputed facts here, the Debtor has no claim under Florida law to the Surplus Funds. He was not the "owner of record" when Ashland Capital commenced the Second Mortgagee's Foreclosure Case and filed its lis pendens, he was not a junior lienholder, and he was not a transferee or assignee. Without question, this is a harsh result, but equitable arguments cannot overcome the clear application of the statute.

If the Court had any doubt about its interpretation of the statutes, that doubt was removed by the decision in *Pineda v. Wells Fargo Bank, N.A.*, 143 So. 3d 1008 (Fla. 3rd DCA 2014), which contains nearly identical facts and is directly on point. In *Pineda*, the Florida Third District Court of Appeals ruled that, "[i]n this cautionary tale to bidders at foreclosure sales," the trial court erred when it equitably ordered the disbursement of surplus

5

proceeds from a foreclosure sale to the third-party purchaser so that said purchaser could use the proceeds to reduce the amount due on the superior lien. *Id*. at 1008, 1010-11. The *Pineda* Court held that, "[w]hile we are sympathetic to [the third-party purchaser's] equitable argument, the fact remains that distribution of surplus foreclosure proceeds is governed by a plain and unambiguous statutory procedure which clearly provides that the owner of record is entitled to the surplus proceeds." *Id*. at 1011. The *Pineda* Court continued: "Neither the statutes nor the case law governing distribution of surplus foreclosure sale proceeds provides a mechanism authorizing a third-party purchaser to obtain the surplus. The statute is clear: the owner of record at the time of the recording of the lis pendens is entitled to any surplus proceeds." *Id*. (citing Fla. Stat. § 45.032(1)(a)).

For the reasons stated above, and the additional reasons stated on the record at the September 15th hearing, which are incorporated herein by reference, the Court **ORDERS** as follows:

1. Based on Florida Statutes §§ 45.032(1)(a), 45.032(2), and 45.033(1) and *Pineda v. Wells Fargo Bank, N.A.*, 143 So. 3d 1008 (Fla. 3rd DCA 2014), the Debtor has no right to the Surplus Funds. Therefore, the Surplus Funds are not property of the Debtor's bankruptcy estate and efforts by Ms. Roche and Mr. Reilly to seek disbursement of these funds in the Second Mortgagee's Foreclosure Case are not subject to the automatic stay. Accordingly, the Motion to Disburse [DE# 39] is denied.

2. The Motion to Intervene [DE# 43] is granted in part to the extent it requests that Ms. Roche be allowed to participate in this case and object to the Motion to Disburse. All other relief requested in the Motion to Intervene is denied, including Ms. Roche's request for Rule 11 sanctions against the Debtor and the Debtor's bankruptcy counsel, and including any request that this Court determine that Ms. Roche is entitled to the Surplus Funds. Ms.

Roche and Mr. Reilly must pursue their claims to the Surplus Funds in the Second Mortgagee's Foreclosure Case pending in Broward Circuit Court. That court is the proper forum to determine rights in, entitlement to, and disbursement of the Surplus Funds. Moreover, this Order does not preclude U.S. Bank from asserting any right in the Surplus Funds in the Second Mortgagee's Foreclosure Case.

       3.       Within three (3) business days of entry of this Order, Ms. Roche is directed to file, under a Notice of Filing, a copy of this Order in the Second Mortgagee's Foreclosure Case.

       4.       The Motion for Contempt [DE# 55] is denied.

###

Copies to:

Rudolfo De La Guardia, Jr., Esq.
April Stone, Esq.

**CLERK TO SERVE**:

Myrnabel Roche, Esq.
1000 West McNab Road, Suite 215
Pompano Beach, FL 33069

Frank V. Reilly, Jr.
c/o Jasmine Kirby, Esq.
3201 Griffin Road, Suite 100
Fort Lauderdale, FL 33312